70 So.2d 109

BEYER v. ESTOPINAL.

No. 40454.

Jan. 11, 1954.

Horton & Horton, New Orleans, for plaintiff Beyer.

Clem H. Sehrt, Edward J. Boyle, Thomas M. Brahney, Jr., and Dudley A. Philips, Jr., New Orleans, for defendant Estopinal.

HAWTHORNE, Justice.

This litigation arose out of the sale on October 11, 1949, of a truck described in the bill of sale as a 1946 K-R-11 cab and chassis, purchased by the plaintiff Frank J. Beyer from the defendant Alfred E. Estopinal, doing business as Al's Auto Sales. The consideration of $1,545 was represented by a trade-in allowance of $545 for an old truck of plaintiff's and his note for the $1,000 balance.

Plaintiff instituted this suit for rescission of the sale and also for damages alleged in his petition to be $3460.25. Defendant made a general denial of the allegations of the petition and reconvened for the balance due on the purchase price. After trial on the merits the lower court rendered judgment rescinding the sale as prayed for by plaintiff but rejecting his claim for damages and also dismissing defendant's reconventional demand. From this judgment both plaintiff and defendant have appealed.

■ According to the testimony adduced by plaintiff, defendant represented to him before the sale that the truck was a 1946 model International with a new motor. The truck was built and designed to be used as a dump truck, but after its purchase plaintiff converted it into a high-speed truck for use on the highways. On the first trip made after the purchase it burned an excessive amount of oil, and on the second trip it broke down in Atlanta, Georgia, and had to be brought back to New Orleans. The truck was taken to the International Harvester repair shop, and, when the paint was scraped from a plate in the cab, it was discovered that the truck had been delivered to the Navy in January of 1942. Upon examination the motor was found to have undersized parts, and according to plaintiff's witnesses new motors ordinarily have parts of standard size, and undersized parts would impair the performance of the truck. Plaintiff testified that he would not have purchased the truck had he known of the vices and defects above enumerated.

Defendant denied that he represented the truck to be a 1946 model, although the bill of sale executed by these parties described the truck as a 1946 K-R-11 cab and chassis. Defendant testified that he told the plaintiff that it was a 1942 truck. However, he conceded that he told the plaintiff that the motor was new, and that the truck was as good as new.

The trial judge, who saw and observed the witnesses, resolved the question of fact thus presented in favor of the plaintiff, and accordingly ordered a rescission of the sale and rejected defendant's reconventional demand for the balance of the purchase price. We find no manifest error in his findings.

■ The defendant also contends that the plaintiff could have discovered the alleged defects by simple inspection. In this contention he is not supported by the evidence, for the plaintiff proved that the design of the International trucks is not changed every year, and that there is no way to distinguish a 1942 model from a

1946 model by ordinary inspection. Moreover the defendant did not prove that an ordinary inspection would reveal that the motor had undersized parts.

Plaintiff claims damages under Article 2531 of the Civil Code, which obliges the seller in good faith to reimburse the "expenses occasioned by the sale". In his petition he itemizes these damages as follows:

(1) The cost of certain itemized repairs, which actually was the cost of converting the truck for long hauls—change from low speed to high speed, large gas tank, lighting, etc., $1205.25;

(2) The difference between purchase price of faulty truck and truck purchased to avoid breach of contract (between plaintiff and a third party), $2255.

■ The first item was not an expense occasioned by the sale, but an expense occasioned by the vendee's desiring to improve or convert the truck from a dump truck to a highway vehicle. There is no contention, and no evidence whatever, that any of these costs were incurred because of the defects upon which he bases his demand for rescission of the sale. No authority is cited and no valid reason is advanced for labelling these costs "expenses occasioned by the sale" within the meaning of the codal article.

■ As to the second item, the plaintiff fails completely to show why the vendor, admitted to be in good faith, not only should restore the purchase price of the truck sold, but also should pay a part of the purchase price of the new truck. This item could under no theory be an expense occasioned by the sale.

For the reasons assigned, the judgment appealed from is affirmed, plaintiff and defendant each to pay one-half of the costs of this appeal.